IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANK THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15−cv−0988−NJR |
| | ) | |
| JOSEPH SPLITTORFF, | ) | |
| BOST, | ) | |
| LAKIN, | ) | |
| ROBERT A. HOLLENBECK, | ) | |
| ROBERT BLANKENSHIP, and | ) | |
| VALERIE BASSETT, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Frank Thomas brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 concerning events that allegedly occurred while he was a pretrial detainee at the Madison County Jail. Plaintiff seeks compensatory damages and injunctive relief. This case is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

This is not Plaintiff's first bite at the apple. Plaintiff originally filed his complaint on September 4, 2015. The Court dismissed that complaint on October 5, 2015, for failure to state a claim and directed Plaintiff to file an amended complaint no later than November 2, 2015. (Doc. 6). Plaintiff filed his amended complaint on October 21, 2015, along with a motion seeking leave to file it. (*see* Docs. 9, 10). As the Court previously

directed Plaintiff to *file* an amended complaint, and the amended complaint has been filed on the docket, Plaintiff's motion seeking leave to file is moot.

Also, after reviewing records from the Illinois Department of Corrections, it appears that Plaintiff has been transferred to Robinson Correctional Center as of January 8, 2016. Although previously directed to keep the Court informed of his whereabouts, Plaintiff has not filed a notice of change of address. Plaintiff is once again reminded of his obligation to keep the Court informed of his current address. Also, Plaintiff's claims for injunctive relief regarding certain Madison County Jail policies are now moot because he is no longer subject to those policies, and those claims will not be addressed further.

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are severable.

## The Amended Complaint

Although initially Plaintiff attempted to bring claims on behalf of both himself and his adult daughter, the amended complaint lists only Frank Thomas in the case caption. (Doc. 10, p. 1). The Court takes that to mean that Thomas is now bringing claims only on his own behalf.

Plaintiff alleges that on July 27, 2015, detectives with the Alton police department, including Splittorff, arrested Plaintiff and his daughter, Rashonda Barnes without a proper warrant. (Doc. 10, p. 1, 7). Plaintiff alleges that the Alton police acted

without warrants and improperly coerced Plaintiff and Barnes into making statements without Miranda warnings, in violation of their constitutional rights. (Doc. 10, p. 1). Plaintiff alleges he told Splittorff twice that he did not want to speak, but that Splittorff continued to ask him questions anyway. (Doc. 10, p. 4). Splittorff also allegedly coerced Plaintiff into confessing by threatening to put charges on his daughter if he did not confess. (Doc. 10, p. 7). Plaintiff also alleges that his personal property was searched and confiscated in violation of the Fourth Amendment. (Doc. 10, p. 1).

Plaintiff was eventually transferred to the Madison County Jail. (Doc. 10, p. 1). While at the jail, Plaintiff alleges that Bost denied him access to legal materials and the lack of access interfered with his ability to prepare his defense along with his appointed attorney. (Doc. 10, p. 1; Doc. 10-2, p.1). Along with access, Bost also denied Plaintiff paper, stamps, envelops, and free copies. (Doc. 10, p. 2, Doc. 10-2, p. 1). Hollenbeck also refused to notarize Plaintiff's legal papers. (Doc. 10-3, p. 4). Hollenbeck also cracked jokes about the charges on Plaintiff on July 31, 2015. (Doc. 10-3, p. 5).

Further, Plaintiff has been denied a copy of the Qur'an, a prayer rug, and pork-free meals, which he needs in order to exercise his religious beliefs. (Doc. 10, p. 2). There were also no services for Muslim inmates at the Madison County jail. (Doc. 10-1, p. 1). Plaintiff specifically requested this relief from Lakin, only to be denied. (Doc. 10-1, p. 1).

In October 2015, Richert cursed at Plaintiff. (Doc. 10-3, p. 3). Plaintiff responded in kind. (Doc. 10-3, p. 3). Richert then retaliated against Plaintiff for cursing by summoning Court and Schmidt and placing Plaintiff in the day room. (Doc. 10-3, p. 3).

The officers then shook down Plaintiff's cell, confiscating his legal papers and personal property, and placing him on lockdown for 48 hours. (Doc. 10-3, p. 3).

Plaintiff alleges that when he arrived at Madison County Jail, he underwent a medical screening at which Plaintiff told Blankenship that he suffered from hemorrhoids, scoliosis, arthritis, and that he has an allergy to Motrin and Ibuprofen. (Doc. 10-3, p. 6). Nonetheless, Plaintiff was given Motrin and Ibuprofen for three and a half weeks, which caused him to develop a rash on his back. (Doc. 10-3, p. 6). Blankenship also failed to respond to Plaintiff's complaints that he was bleeding from his nose and anus and failed to adequately treat Plaintiff's rash from the medication. (Doc. 10-3, p. 7). Bassett also failed to adequately treat Plaintiff. (Doc. 10-3, p. 7).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into eight counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

    Count One:    Splittorff arrested Plaintiff without a warrant or probable cause in violation of the Fourth Amendment;

    Count Two:    Splittorff improperly interrogated Plaintiff in violation of his Fifth Amendment rights;

    Count Three:    Splittorff searched and confiscated Plaintiff's property without a warrant or probable cause, in violation of the Fourth Amendment;

| | |
|---|---|
| Count Four: | Bost and Hollenbeck denied Plaintiff access to the courts when they refused to provide him with law library access or adequate supplies, and refused to notarize his papers; |
| Count Five: | Hollenbeck cracked jokes at Plaintiff's expense; |
| Count Six: | Lakin interfered with Plaintiff's First Amendment rights to practice his religion by denying him a copy of the Qur'an, a prayer mat, a religious diet, and by declining to hold services for inmates of the Muslim faith; |
| Count Seven: | Richert retaliated against Plaintiff for cursing and using profanity by shaking down his cell in October 2015; and |
| Count Eight: | Blankenship and Bassett were deliberately indifferent to Plaintiff's serious medical needs. |

Here, Plaintiff has brought several discrete groups of claims. Counts One-Three all stem from Plaintiff's initial arrest and detention, and there is no allegation that any of the Madison County jail defendants had anything to do with the conduct about which Plaintiff complains. Additionally, Plaintiff's Madison County Jail claims do not appear to have any relationship with each other. There is no allegation that Plaintiff believes that his access to court claim is connected to his deliberate indifference claim or his free exercise claim. The claims mostly involve different defendants and different discretionary decisions. For these reasons, the Court finds that it is appropriate to sever claims into new cases pursuant to *George v. Smith*

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only

to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b)(g)). Claims against different defendants, which do not arise from a single transaction or occurrence (or a series of related transactions/occurrences) and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* FED. R. CIV. P. 20(a)(2). Further, a prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined defendants. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Plaintiff's claims fall roughly into five groups: (1) claims against Splittorff for events that happened related to his arrest; (2) claims against Defendants Bost and Hollenbeck; (3) a free exercise claim; (4) a retaliation claim; and (5) deliberate indifference claims. There are different defendants across the five claim groupings, and none of the groups shares a common nucleus of facts or events. For these reasons, the Court shall sever Plaintiff's claims into four other cases and assess a new filing fee as to the other cases.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever the claims in Counts Four and Five (which are unrelated to Counts One-Three or Six-Eight) into a separate action. The Court also shall sever Count Six into its own case, Count Seven into its own case, and Count Eight into its own case; all cases to contain one count each. The four severed cases shall have newly-assigned case numbers. Plaintiff shall be assessed four more filing fees for the newly severed cases. The severed cases shall undergo preliminary review pursuant to 1915A after new case numbers and judge assignments have been made.

Counts One, Two, and Three shall remain in this action. A separate order shall be issued in this case to review the merits of these claims. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered. No service shall be ordered on any defendant at this time.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's claims in **COUNTS FOUR and FIVE** and **COUNTS SIX, SEVEN, and EIGHT** which are unrelated to the claims in **COUNTS ONE, TWO, and THREE** are **SEVERED** into four new cases, with one case to contain **Counts Four** and **Five** together against Defendants BOST and HOLLENBECK, and the other cases to contain **Count Six** singly against LAKIN alone**, Count Seven** against REICHERT**,** and **Count Eight** against BLANKENSHIP and BASSETT.

Case 3:16-cv-00895-JPG   Document 1   Filed 08/09/16   Page 9 of 9   Page ID #9

The claims in the newly severed cases shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new cases, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order
- The Amended Complaint (Doc. 10)
- Plaintiff's motion to proceed *in forma pauperis* (Doc. 13)

Plaintiff **will be responsible for an additional $350.00 filing fee** in all four of the newly severed cases. No service shall be ordered in the severed cases until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the *only claims remaining in this action are Counts One, Two, and Three* against Defendant Splittorff.

**IT IS FURTHER ORDERED** that Defendants **BOST, LAKIN, HOLLENBECK, BLANKENSHIP, and BASSETT** are **TERMINATED** from **this** action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint (Doc. 9) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: August 8, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

Page **9** of **9**