IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK THOMAS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−0895−JPG |
| ) | |
| **BOST,** and ) | |
| **ROBERT A. HOLLENBECK,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Frank Thomas, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 that allegedly occurred in the Madison County Jail. Plaintiff seeks compensatory damages and injunctive relief. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff originally filed his Complaint on September 4, 2015 in Case No. 15-cv-988. The Court dismissed that Complaint on October 5, 2015 for failure to state a claim, and directed Plaintiff to file an amended complaint no later than November 2, 2015. (Doc. 6). Plaintiff filed his Amended Complaint on October 21, 2015. (Doc. 10). After reviewing the Amended Complaint, the Court determined that it contained multiple unrelated claims, and severed those claims into four new actions: the present case, 16-cv-896, 16-cv-897, and 16-cv-898.

Also, after reviewing records from the Illinois Department of Corrections, it appears that Plaintiff has been transferred to Robinson Correctional Center as of January 8, 2016. Although previously directed to keep the Court of his whereabouts, Plaintiff has not filed a notice of change of address, either in 15-988 or any of the severed cases. Plaintiff is once again reminded of his obligation to keep the Court informed of his whereabouts, and that a notice of change of address must be filed individually in all of his severed cases. Plaintiff's claims for injunctive relief regarding certain Madison County Jail policies are now **MOOT** as he is no longer subject to those policies, and will not be addressed further.

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to dismissal.

Page **2** of **6**

**The Complaint**

Prior to his current placement, Plaintiff was incarcerated in the Madison County Jail.  (Doc. 4, p. 1).  While at the jail, Plaintiff alleges that Bost denied him access to legal materials and copies, and the lack of access interfered with his ability to prepare his criminal defense along with his appointed attorney.  (Doc. 4, p. 1; Doc. 4-2, p.1).  Along with access, Bost also denied Plaintiff paper, stamps, envelops, and free copies.  (Doc. 4, p. 2, Doc. 4-2, p. 1).  Hollenbeck also refused to notarize Plaintiff's legal papers.  (Doc. 4-3, p. 4).  Hollenbeck also cracked jokes about the charges against Plaintiff on July 31, 2015.  (Doc. 4-3, p. 5).

**Discussion**

The Court previously divided Plaintiff's Amended Complaint in 15-988 into 8 counts. Counts 4 and 5 were severed into this action.  They are as follows:

**Count 4 – Bost and Hollenbeck denied Plaintiff access to the courts when they refused to provide him with law library access or adequate supplies, and refused to notarize his papers.**

**Count 5 – Hollenbeck cracked jokes at Plaintiff's expense.**

Both claims are subject to dismissal here.  As to **Count 4**, Plaintiff has alleged that both Defendants interfered with his access to the courts.   Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977).  This right of access extends to pretrial detainees as well as convicted prisoners. *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir.1993).  The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some

Page **3** of **6**

quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Spradlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid,* 969 F.2d at 603.

Here Plaintiff alleges that Bost did not respond to his request for copies, supplies, and access to the law library, and that Hollenbeck declined to notarize his affidavits but he does not allege that he suffered any detriment due to the lack of access.  He has not identified a specific legal matter at issue or allege that Defendants' conduct prejudiced that matter.  While he has referred to his underlying criminal manner, Plaintiff has also stated that he was represented by counsel in that matter; it is difficult to see how Plaintiff would suffer the kind of detriment necessary to state a claim while represented by an attorney as the attorney would be able to make copies and present evidence.  *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal cases satisfies a state's obligation to provide legal assistance and that a prisoner had no right to demand law library access in the alternative).  Regardless, any claims regarding Plaintiff's underlying criminal conviction are likely barred by *Heck*, as Plaintiff is currently serving a sentence for those crimes.  *Heck v. Humphrey*. 512 U.S. 477 (1994).  Plaintiff has not identified any other matters where he was hindered or the form of the hinderance and so the claim fails.

As to **Count 5**, this claim must also be dismissed.  Plaintiff has alleged that Hollenbeck made jokes about Plaintiff's legal troubles.  "[H]arassment, while regrettable, is not what comes to mind

when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Corrections,* 574 F.3d 443, 446 (7th Cir. 2009). *See also DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (reaffirming that limited verbal harassment states no claim, but qualifying that in certain circumstances, verbal harassment may rise to the level of cruel and unusual punishment).

Here, Plaintiff's description of the event does not suggest that he was at risk for the kind of serious psychological harm that concerned the court in *Beal*. Plaintiff's Complaint states merely that Plaintiff felt the comments to be defaming and slanderous because Hollenbeck was speaking as if he had already been convicted when he had only been charged. The Complaint does not even describe specifically how Plaintiff felt. In light of Plaintiff's eventual conviction on the charges and the fact that the comments did not expose Plaintiff to any risk, the Court believes that Hollenbeck's comments, while regrettable, do not rise to the level of cruel and unusual punishment. Therefore Count 2 will also be dismissed with prejudice for failure to state a claim.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal

*in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: October 6, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**
